IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARQUEL SPRATLING,

        Plaintiff,

v.

SOVEREIGN STAFFING GROUP, INC.,

        Defendant.

Case No. 17-2145-DDC

## MEMORANDUM AND ORDER

Plaintiff Marquel Spratling, proceeding pro se, accuses defendant Sovereign Staffing Group, Inc. of discriminating against him in violation of Title VII. Defendant now moves for summary judgment against plaintiff's claims. Doc. 31. The parties have briefed the issue fully and the court is ready to rule. For reasons explained below, the court grants defendant's motion.

**I.    Timeliness of Plaintiff's Response**

Defendant argues that the court should consider its motion uncontested because plaintiff did not file a timely response to the summary judgment motion. Under the local rules, a plaintiff has 21 days to file a response to defendant's summary judgment motion. D. Kan. Rule 6.1(d)(2). If plaintiff fails to meet that deadline, then the court normally considers defendant's motion uncontested. *Id.* 7.4(b). Here, defendant filed its motion for summary judgment on May 2, 2018. *See* Doc. 31. So, the deadline for plaintiff to respond was May 23, 2018. But plaintiff filed his responsive brief on June 4, 2018—12 days after his deadline to respond had passed. *See* Doc. 35. Plaintiff provided no reason for his failure to respond in a timely fashion. The court thus considers this motion as uncontested. But the court nonetheless considers the merits of

defendant's motion because "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

## II. Facts

The following facts are uncontroverted or, where controverted, are stated in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Defendant is a staffing agency who provides labor for other companies. On September 12, 2016, plaintiff began working for defendant as a "picker" for one of defendant's clients, Jet.com. As a "picker," plaintiff was required to "pick"[1] 300 deliveries a day for Jet.com. But plaintiff did not meet his quota. Typically, he picked just over 200 deliveries a day.

On October 6, 2016, plaintiff spoke with his supervisor, Cristi Falkner, about leaving work early to fix a tire on his car. Three times during this conversation, Ms. Falkner used "hood" to describe where plaintiff was going to get his tire fixed. Doc. 32-20 at 3 (Pl.'s Dep. 95:10–96:14). She allowed plaintiff to leave without any negative effects for his attendance record. The next day, plaintiff reported this conversation to the recruiter who had hired him. The recruiter and plaintiff spoke about the incident a few days later, but the recruiter did not let plaintiff file a written report.

On November 8, 2016, Jet.com released plaintiff from its warehouse because plaintiff's job performance was poor. Defendant terminated plaintiff's employment that same day. Although it's possible for defendant to reassign plaintiff from one of its customers to another, it rarely does so. On the day plaintiff was released by Jet.com, it also released 14 other employees. Defendant terminated the other 14 employees' employment on November 8. Plaintiff then filed

---

[1] The record does not specify what a "pick" is. As best the court can tell, "picking" involves moving packages.

a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). On December 2, 2016, the EEOC mailed a Notice of Right to Sue. Plaintiff has not provided any information about when he received that notice. On March 7, 2017, plaintiff filed this lawsuit.

### III. Legal Standard

Summary judgment is appropriate if the moving party demonstrates that "no genuine dispute [about] any material fact" exists and that it "is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When applying this standard, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). A disputed "issue of fact is 'genuine' '[when] the evidence is such that a reasonable factfinder could return a verdict for the non-moving party' on the issue." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). And an "issue of fact is 'material' 'if under the substantive law it is essential to the proper disposition of the claim' or defense." *Id.* (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

The moving party bears "'both the initial burden of production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.'" *Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010) (quoting *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002)). To carry this burden, the moving party "'need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim.'" *Id.* (quoting *Sigmon v. CommunityCare HMO, Inc.*, 234 F.3d 1121, 1125 (10th Cir. 2000)).

If the moving party meets its initial burden, the non-moving party "'may not rest upon its pleadings, but must set forth specific facts showing a genuine issue for trial [on] those dispositive matters for which it carries the burden of proof.'" *Id.* (quoting *Jenkins v. Wood*, 81 F.3d 988,

990 (10th Cir. 1996)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson*, 477 U.S. at 248–49. To demonstrate that one or more disputed facts presents a genuine dispute for trial, the nonmovant must identify the source of the factual dispute "by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992)). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004) (citing *Phillips v. Calhoun*, 956 F.2d 949, 951 n.3 (10th Cir. 1992)). To survive summary judgment, the non-moving party's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Id.* (citing *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999)).

Summary judgment is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327. To the contrary, it is an important procedure "designed 'to secure the just, speedy[,] and inexpensive determination of every action.'" *Id.* (quoting Fed. R. Civ. P. 1).

## IV. Discussion

In this suit, plaintiff brings three claims.[2] First, he asserts that defendant discriminated against him when it fired him. Next, he contends, defendant created a hostile work environment when Ms. Falkner used the word "hood" in plaintiff's presence. And last, plaintiff argues that defendant retaliated against him for reporting Ms. Falkner's conduct.

Defendant asserts that it is entitled to summary judgment against all plaintiff's claims. It argues that the court should enter summary judgment against all plaintiff's claims because he

---

[2] In the Pretrial Order, plaintiff appears to assert just two theories: "retaliation and harassment based on race under Title VII . . . ." Doc. 34 at 5. Defendant construed plaintiff's "harassment" theory as asserting hostile work environment and racial discrimination claims, and so, it briefed both theories. Doc. 32 at 9 n.48. The court elects to do the same because it must construe the plaintiff's pleadings and filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

4

filed his Complaint more than 90 days after he received the notice to sue. And, it argues, plaintiff has failed to adduce adequate evidence to support each of his claims. The court finds defendant's arguments persuasive. And so, it grants the summary judgment motion. The court begins its analysis by explaining why plaintiff's suit is time barred. Then the court discusses why—even if plaintiff had filed this suit timely—no reasonable jury could find for him on any of his claims.

### A. Timeliness

A Title VII plaintiff must file his lawsuit within 90 days of receiving his notice to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Here, the EEOC mailed the notice on December 2, 2016. Plaintiff provides no information about when he received the notice, but, in similar situations, our court has presumed that a plaintiff receives a notice three days after the EEOC mailed it. *Young v. Desco Coatings of Kan., Inc.*, 179 F.R.D. 610, 613 (D. Kan. 1998). Applying this rule here leads to the conclusion that plaintiff received the notice on December 5, 2016. Plaintiff filed his Complaint on March 7, 2017—92 days after he, presumably, received the notice. Plaintiff thus brought his claim untimely. *See id.* at 614 (holding that plaintiff's Title VII claim was time barred when he filed his Complaint 91 days after receiving the notice to sue).

### B. Merits

But even if plaintiff had filed his claims in a timely fashion, the court still would grant summary judgment against all his claims. In the next three subsections, the court explains why.

#### 1. Racial Discrimination Claim

Under a racial discrimination theory, plaintiff must prove three elements in his initial case: (1) that he is a member of a protected class; (2) that he was qualified for his job; and (3) that defendant fired plaintiff under circumstances that justify an inference of discrimination.

*Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004). Defendant argues that plaintiff has failed to produce admissible evidence that would allow a reasonable jury to find that plaintiff established the second and third elements of this prima facie case.

The court declines to address whether the summary judgment record establishes the third element. The court concludes, however, that no reasonable jury could conclude that plaintiff was qualified for his job. Defendant has adduced admissible evidence that plaintiff rarely—if ever— met his "pick" quota. *See Laul v. Los Alamos Nat'l Labs.*, 714 F. App'x 832, 836 (10th Cir. 2017) (affirming a district court's entry of summary judgment against a racial discrimination claim because the summary judgment record established that plaintiff could not perform the basic functions of his job). Plaintiff does not dispute that he failed to meet that quota, but he argues that he must have been performing well because he never received any written or verbal notifications about his performance. But he never offers evidence that he was performing his job adequately—*i.e.*, making 300 "picks" a day. His assertions that he performed well are mere speculation or opinion. *See Bones*, 366 F.3d at 875 (holding that a nonmovant cannot carry his burden to survive summary judgment with speculative assertions). Certainly, plaintiff is entitled to his opinions but they do not qualify as evidence that will create a material dispute.

The court thus concludes that this argument provides another reason to grant defendant's motion on this claim.

### 2. Hostile Work Environment Claim

Under Title VII, an employer incurs liability for an employee's harassment when it is sufficiently severe or pervasive that a reasonable person would find the work environment hostile or abusive and the employee, in fact, perceived it to be so. *Debord v. Mercy Health Sys. of Kan., Inc.*, 737 F.3d 642, 650 (10th Cir. 2013) (citations omitted). Defendant argues that it is

deserves summary judgment because the summary judgment record establishes that plaintiff's supervisor only made isolated comments. And isolated comments cannot establish a "severe or pervasive" hostile work environment. *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) (holding that a hostile work environment claim could not survive summary judgment when the summary judgment facts established that plaintiff heard just two racially insensitive comments).

Here, the summary judgment facts establish that Ms. Falkner mentioned "hood" three times. No reasonable jury could conclude that her actions created a "pervasive" hostile work environment. *See id.* The court grants summary judgment against this claim as well.

### 3. Retaliation

Plaintiff argues that defendant retaliated against him when it terminated his employment after reporting Ms. Falkner's comments. Federal law prohibits an employer from retaliating against an employee who reports illegal discrimination. 42 U.S.C. § 2000e-3(a). When plaintiff adduces no direct evidence of retaliation—the case here—courts apply the *McDonnell Douglas* burden-shifting framework to such claims. *Hansen v. SkyWest Airlines*, 844 F.3d 914, 925 (10th Cir. 2016). To succeed under this framework on a retaliation claim, the employee must first establish "(1) 'that [she] engaged in protected opposition to discrimination,' (2) 'that a reasonable employee would have found the challenged action materially adverse,' and (3) 'that a causal connection exists between the protected activity and the materially adverse action.'" *Id.* (quoting *EEOC v. PVNF, L.L.C.*, 487 F.3d 790, 803 (10th Cir. 2007)).

If the employee can establish all three requirements, the burden then shifts to the employer, who must provide a "'legitimate, non-retaliatory rationale for the adverse employment action.'" *Id.* (quoting *Lounds v. Lincare, Inc.*, 812 F.3d 1208, 1234 (10th Cir. 2015)). If the

7

employer does so, the burden shifts back to the employee who must show that the employer's proffered rationale is pretextual. *Id.*

A plaintiff can show that an employer's proffered legitimate reason for taking materially adverse action is pretextual "by demonstrating the 'proffered reason is factually false,' or that 'discrimination was a primary factor in the employer's decision.'" *DePaula v. Easter Seals El Mirador*, 859 F.3d 957, 970 (10th Cir. 2017) (first quoting *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1218 (10th Cir. 2013); then quoting *Foster v. Mountain Coal Co., LLC*, 830 F.3d 1178, 1194 (10th Cir. 2016)). If the summary judgment facts establish "'weaknesses, implausibilities, inconsistencies, incoherences, or contradictions in the employer's proffered reason, such that a reasonable [jury] could deem the employer's reason unworthy of credence,'" then summary judgment is not appropriate. *Id.* (quoting *Tabor*, 703 F.3d at 1216).

Here, defendant argues that plaintiff's retaliation claim cannot survive summary judgment because plaintiff failed to adduce evidence that allows a reasonable jury to conclude that a causal connection exists between plaintiff's report of Ms. Falkner's behavior and the termination of his employment. And even if he did, defendant argues, it had a legitimate reason to terminate his employment and no reasonable jury could conclude that this reason is pretextual. The court assumes, without deciding, that the summary judgment record could support a reasonable jury's finding that a causal link exists. But the summary judgment record—even when viewed in the light most favorable to plaintiff—establishes that defendant's reason for terminating plaintiff's employment was legitimate and not a pretext for discrimination.

Defendant argues that it terminated plaintiff's employment because Jet.com released him after concluding that his job performance was substandard. Specifically, Jet.com informed defendant that plaintiff was not meeting his "pick" quota. Work performance issues are a

legitimate reason to terminate an employee's employment. *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1202–03 (10th Cir. 2006). Plaintiff argues that this reason is pretextual here because defendant never issued him any warnings for his performance. But this fact does not highlight a "weakness[], implausibilit[y], inconsistenc[y], or contradiction[]" in defendant's proffered reason. *DePaula*, 859 F.3d at 970. At best, plaintiff's argument shows that under his "subjective evaluation of the situation," he saw evidence of discrimination. *Id.* But the court must evaluate "'the facts as they appear *to the person making the decision* . . . .'" *Id.* (quoting *EEOC v. C.R. Eng., Inc.*, 644 F.3d 1028, 1044 (10th Cir. 2011)). The court thus grants summary judgment against this claim.

**V.     Conclusion**

For reasons explained above, the court grants defendant's Motion for Summary Judgment (Doc. 31).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's Motion for Summary Judgment (Doc. 31) is granted.

**IT IS SO ORDERED.**

**Dated this 30th day of August, 2018, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**